REQUESTED BY: Henry D. Smith, M.D., M.P.H., Director, Department of Health.
Is the Department of Health to disclose the names of the attending physicians and of any referring physicians or agencies either from the abortion report forms filed with it or on its compilation of the information contained on such forms?
No.
Every abortion performed or prescribed in this state is to be reported on a monthly basis to the Department of Health by the attending physician. That report is to include, among other things, the name of the attending physician and the name of any referring physician, agency or service. Section 28-4,162, R.R.S. 1943. These data are to be collected `to maintain accurate statistical data to aid in providing proper maternal health regulations.' Section 28-4,143(5), R.R.S. 1943.
Section 28-4,164, R.R.S. 1943, provides:
 "The Department of Health shall prepare and keep on permanent file compilations of the information submitted on the abortion reporting forms pursuant to such rules and regulations as established by the Department of Health, which compilations shall be a matter of public record. . . ."
Rule 2 of the Department of Health provides:
 "Compilation of the information submitted on the abortion reporting forms to the Department of Health of the State of Nebraska shall contain items of information based upon those required to be contained in the abortion reporting form pursuant to the provisions of section 28-4,162, R.R.S. 1943."
The standard for recordkeeping and reporting requirements on abortions is Planned Parenthood of Missouri v.Danforth, 428 U.S. 52 (1976). The court in that case considered a Missouri law which required that reports on abortions be made to the Department of Health on forms promulgated by the department. (The form used asked for the name of the attending physician.) The law made the reports confidential except they could be disclosed to public health officers. Each reporting facility was required to keep its records for seven years, a period of time the court found `not unreasonable in length.' The court held:
 "Recordkeeping and reporting requirements that are reasonably directed to the preservation of maternal health and that properly respect a patient's confidentiality and privacy are permissible. . . ." Supra at 80.
The court found the Missouri law perhaps approached `impermissible limits.' Nevertheless, it held it constitutional because of the requirements for confidentiality and for retention for a reasonable length of time.
 ". . . As so regarded, we see no legally significant impact or consequence on the abortion decision or on the physician-patient relationship. . . ." Supra at 81.
The Nebraska statute is silent on the length of time the reports must be retained, but it requires the compilations of them to be kept permanently. This makes it particularly important that the Nebraska law comply with the limitation on disclosure which saved the Missouri reporting law if the Nebraska law is to be constitutional.
A construction that will save the constitutionality of a statute should be applied if it can reasonably be done. See Scott v. State of Nebraska ex rel. Board of Nursing,196 Neb. 681, 244 N.W.2d 683 (1976). By a rule of statutory construction, if a statute enumerates the things on which it is to operate, all those not expressly mentioned are excluded. See Ledwith v. Banker's Life Insurance Companyof Nebraska, 156 Neb. 107, 54 N.W.2d 409 (1952). If we apply this rule to section 28-4,164, we can infer that the reports themselves are confidential since only the compilations of them are expressly public records.
It is small moment for the report forms to be confidential if the raw data on them which may have a significant impact or consequence on the abortion decision or on the physician-patient relationship must be disclosed indirectly on the compilations of the Department of Health. The Legislature cannot circumvent an express provision of the Constitution by doing indirectly what it may not do directly. There is a presumption that it did not do so. see UnitedCommunity Services v. The Omaha National Bank, 162 Neb. 786,77 N.W.2d 576 (1956).
By including in its statistical compilation of the abortion report forms the number of physicians performing given numbers of abortions and whether a referral was made, the Department appears to be complying with its own Rule 2. Such compilations are `based upon' data about the physicians and the referring agencies.